**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| **ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LTD.,** | ) ) ) | |
| **Petitioner,** | ) ) ) | |
| **v.** | ) ) | No._____ |
| **WESTCHESTER SURPLUS LINES INSURANCE CO.,** | ) ) ) | |
| **Respondent.** | ) ) ) | |

### MEMORANDUM OF LAW IN SUPPORT OF
### ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LTD.'S MOTION TO
### CONFIRM THE ARBITRATION AWARD

This memorandum is submitted on behalf of Petitioner Associated Electric & Gas

Insurance Services Ltd. ("AEGIS") in support of its Motion, pursuant to 9 U.S.C. § 9 and Fed. R.

Civ. P. 54(b), to confirm an arbitration award entered on August 25, 2010.  AEGIS's Motion

should be granted and the award confirmed as a final judgment because the arbitration was in all

respects proper and the award is final and binding.  AEGIS also requests an order that

Respondent Westchester Surplus Lines Insurance Co. ("Westchester") pay the fees and expenses

associated with bringing this Motion.[1]

### STATEMENT OF FACTS

Petitioner AEGIS, its insured, EQT Corporation, successor to Equitable Resources, Inc.,

("EQT"), and Respondent Westchester (collectively, the "Parties"), participated in a binding

---

[1] "When a party refuses to comply with an enforceable arbitration decision without justification the court may award attorney's fees." *See, e.g., Local 509, Service Employees Intern. Union v. Fidelity House, Inc.*, 518 F.Supp.2d 317, 325 (D. Mass. 2007).

arbitration in Boston, Massachusetts to resolve the issue whether AEGIS or Westchester would bear the fixed costs to settle a number of claims for personal injuries and property damage arising out of a November 8, 2004 explosion of a natural gas pipeline in Ivel, Kentucky (the "Underlying Claims"). Westchester initiated the arbitration via its December 20, 2007 Notice of Arbitration and October 1, 2008 Amended Notice of Arbitration. *See* Notice of Arbitration; Amended Notice of Arbitration.[2]

In connection with the settlement of the Underlying Claims, the Parties entered into a Contribution Agreement. *See* Contribution Agreement (Ryan Decl., Ex. 3). The Contribution Agreement provided for the expeditious payment of the final settlement amount for the Underlying Claims, while preserving the rights of AEGIS and Westchester to seek a re-allocation of their respective settlement payments. In the Contribution Agreement, the Parties agreed to use the dispute resolution provision in AEGIS Policy No. X0025A1A04, issued to EQT for the policy period August 11, 2004 to August 11, 2005 (the "AEGIS Equitable Policy) to resolve the dispute concerning the re-allocation of the settlement amounts. *See id.* at 3-5.

The AEGIS Equitable Policy's arbitration provision, which was agreed to by the Parties in the Contribution Agreement, provides:

> Any controversy or dispute arising out of or relating to this POLICY, or the breach, termination or validity thereof . . . shall be settled by binding arbitration in accordance with the CPR Institute Rules for Non-Administered Arbitration of Business Disputes (the "CPR Rules") by three (3) independent and impartial arbitrators. The INSURED and the COMPANY each shall appoint one arbitrator, the third arbitrator, who shall serve as the chair of the arbitration panel, shall be appointed in accordance with the CPR Rules. []The Terms of the POLICY are to be construed in accordance with the laws of the jurisdiction in which the situation forming the basis for the controversy arose. Where the language of the POLICY is deemed to be ambiguous or otherwise unclear, the issue shall be resolved in a manner most consistent with the relevant terms of the POLICY without regard to

---

[2] True and correct copies are attached as Exs. 1 & 2 to the Declaration of Kenneth E. Ryan ("Ryan Decl."), dated October 7, 2010, filed in support of AEGIS's Motion.

authorship of the language and without any presumption or arbitrary interpretation or construction in favor of either the INSURED or the COMPANY. In reaching any decision the arbitrators shall give due consideration for the customs and usages of the insurance industry.

AEGIS Equitable Policy, at ¶ IV(R) (Ryan Decl., Ex. 4). The Parties also agreed in the

Contribution Agreement that the decision of the arbitration tribunal "shall be by majority vote of

the arbitrators . . . [and] shall be enforceable as if it was rendered under the language of the

AEGIS Equitable policy as written." Contribution Agreement, at ¶5 (Ryan Decl., Ex. 3).

Pursuant to the Terms of Appointment dated April 7, 2009, the Parties confirmed that the

Arbitral Tribunal, comprised of William R. Jentes, Esq. (appointed by Westchester), the

Honorable Daniel E. Wathen (appointed by AEGIS and EQT) and Professor William W. Park of

Boston University Law School (appointed as the Presiding Arbitrator on the nominations of

Messrs. Jentes and Wathen), had been validly constituted, and that the proceedings would be

conducted pursuant to the International Institute for Conflict Prevention and Resolution

(formerly known as "CPR") Rules. Terms of Appointment, at ¶1 (Ryan Decl., Ex. 5). The

Terms of Appointment likewise empowered the Arbitral Tribunal to either order Westchester to

pay $3.26 million or order AEGIS to pay Westchester $2.57 million, in addition to any costs or

fees as appropriate. *Id.* at ¶5. Under the CPR Rules, "[t]he Tribunal may award such pre-award

and post-award interest, simple or compound, as it considers appropriate, taking into

consideration the contract and applicable law." CPR Rule 10.4. Both AEGIS and Westchester

sought such interest in connection with any award that the Tribunal would make.

The Parties participated in a three-day arbitration hearing in Boston on June 28 to June

30, 2010, during which the Parties presented fact and expert witness testimony, exhibits, and

argument of counsel. Following the arbitration hearing, the Parties provided the Tribunal with

additional written submissions. After considering all evidence and argument of the Parties, the

3

Tribunal issued an award in AEGIS's favor on August 25, 2010 in the amount of $3,259,956.53, plus $972,360.74 in prejudgment interest and $900.08 in post-judgment interest, accruing on a daily basis from June 30, 2010 until satisfaction of the award. *See* Final Award, at 26 (Ryan Decl., Ex. 6). Two days after the Arbitral Tribunal issued the award, Counsel for AEGIS provided Counsel for Westchester with AEGIS's wire transfer information to facilitate payment of the award. *See* 8/27/10 Email from Kenneth Ryan to James Eastham (Ryan Decl., Ex. 7). In the weeks that followed, Counsel for AEGIS contacted Counsel for Westchester by telephone and email on several occasions in an effort to obtain payment. Most recently, counsel for AEGIS sent an email on October 5, 2010 advising that unless Respondent made immediate payment in full, AEGIS would move to confirm the award in court. *See* 10/5/10 Email from Kenneth Ryan to James Eastham (Ryan. Decl., Ex. 8). Because Westchester has not paid the duly issued, final and binding arbitration award and the time for any objection to the award under the CPR Rules[3] has passed, AEGIS's Motion to Confirm the award is now ripe.

## ARGUMENT

The Court should confirm the arbitration award as a final judgment. AEGIS timely seeks judicial confirmation of the arbitration award. The Federal Arbitration Act, 9 U.S.C. § 9, provides that "at any time within one year after the award is made[,] any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."). AEGIS has timely moved to confirm the arbitration award

---

[3] Under CPR Arbitration Appeal Procedure Rule 2.1 "An Appeal shall be commenced by written notice to the opposing party(ies) and to CPR (attention: Panel Management Group), given within thirty days of the date on which the Original Award was received by the parties, unless the parties agree on a different period. The notice shall set forth the agreement in writing providing for the appeal, shall state the elements of the Original Award that are being appealed and the basis for the Appeal and shall transmit that portion of the Record that the appellant deems relevant to the Appeal." Westchester did not provide notice of any appeal within the thirty-day time period.

within one year of its issuance. Pursuant to the Federal Arbitration Act, this Court should now confirm the arbitration award as a final judgment. *See, e.g., Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265 (1995) ("[T]he basic purpose of the Federal Arbitration Act is to overcome courts' refusals to enforce agreements to arbitrate."). Section 9 of the Federal Arbitration Act, which governs venue for the confirmation of arbitration awards, provides that "If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." Under the CPR Rules that governed the arbitration, the award is deemed made where the arbitration took place. CPR Rule 9.5. The arbitration award at issue here was made in Massachusetts, the location of the arbitration hearing, and therefore venue is proper in this Court to enforce the award.

No valid basis exists to object to the arbitration award which, as discussed above, was issued pursuant to a binding arbitration proceeding initiated by Westchester, pursuant to the procedures pre-agreed to by the Parties, and after the Tribunal considered the Parties' fact and expert testimony, exhibits, arguments of counsel, and written submissions. It is well-established that the standard of review of an arbitration decision "is extremely narrow and exceedingly deferential." *Wheelabrator Envirotech Operating Serv., Inc. v. Mass. Laborers Dist. Council Local 1144*, 88 F.3d 40, 43 (1st Cir. 1996); s*ee also JCI Communications, Inc. v. International Broth. of Elec. Workers, Local 103*, 324 F.3d 42, 48 (1st Cir. 2003) (courts "are bound by the very narrow and very deferential standard of review of arbitral decisions"). "Normally, confirmation of an arbitration award is 'a summary proceeding that merely makes what is already a final arbitration award a judgment of the court[.]'" *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95 (2d Cir. 2006) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir.1984)). While a party may seek judicial review of an arbitration decision, "the court will

5

set that decision aside only in very unusual circumstances." *First Options of Chicago, Inc. v.
Kaplan*, 514 U.S. 938, 942 (1995). "[C]ourts have no business weighing the merits of the
grievance or considering whether there is equity in a particular claim." *Major League Baseball
Players Ass'n v. Garvey*, 532 U.S. 504, 509-10 (2001) (internal citation and punctuation
omitted). "Consequently, an arbitrator's decision will be upheld even in light of a serious factual
mistake, so long as there exists any plausible argument to support the arbitrator's decision."
*North Adams Reg'l Hosp. v. Mass. Nurses Ass'n*, 889 F.Supp. 507, 512-13 (D. Mass. 1995)
(internal quotation marks and citations omitted).

The Tribunal delivered the award to the parties on August 25, 2010. The arbitration
award requires Westchester to pay to AEGIS "the sum of $3,259,956.53" in addition to "interest
on the amount to be reimbursed above, at a rate of eight percent (8%), amounting to $972,360.74
as of 1 July 2010, plus $900.08 daily interest for each day after 30 June 2010 until payment."
Final Award, at 26 (Ryan Decl., Ex. 6). Westchester did not object to the award within the time
provided by the CPR. *See supra* n. 2. No valid basis exists to vacate, modify, or correct the
award under 9 U.S.C. §§ 10-11. Therefore, the Court should grant AEGIS's Motion to Confirm
the award.

## CONCLUSION

AEGIS respectfully requests an order confirming the arbitration award as a final order
pursuant to 9 U.S.C. § 9 and Fed. R. Civ. P. 54(b) in the amount of (i) $4,232,317.27, (ii)
$900.08 daily interest for each day after June 30, 2010 until payment. AEGIS further requests
that the Court order Westchester to pay AEGIS's fees and costs incurred in seeking this final

order.[4]

October **12**, 2010

*Of Counsel*

Kenneth E. Ryan, Esq.
Mary E. Borja, Esq.
kryan@wileyrein.com
mborja@wileyrein.com
WILEY REIN LLP
1776 K Street, NW
Washington, D.C. 20006
202-719-7000 (phone)
202-719-7049 (fax)

Respectfully submitted,

By:

*Counsel for Petitioner Associated Electric
& Gas Insurance Services Ltd.*

Henry P. Sorett, Esq.
BB0 No. 473280
   bricksea@msn.com
Anne W. Chisholm, Esq.
BB0 No. 549332
   awc@brickleysears.com
Eric Passeggio, Esq.
BB0 No. 654032
   erp@brickleysears.com
Brickley, Sears & Sorett, PA
75 Federal Street
Boston, Massachusetts 02110
Ph. (617) 542-0896
Fx (617) 426-2102

---

[4] In the event that the Court awards AEGIS the fees and costs associated with bringing this motion, counsel will file
a supplementary affidavit in support of the specific fees and costs incurred in seeking this order.