UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LTD., <br><br>Petitioner, <br><br>v. <br><br>WESTCHESTER SURPLUS LINES INSURANCE CO., <br><br>Respondent. | No._____ |

**DECLARATION OF KENNETH E. RYAN IN SUPPORT
OF ASSOCIATED ELECTRIC & GAS INSURANCE SERVICES LTD.'S
MOTION FOR CONFIRMATION OF AN ARBITRATION AWARD**

I, Kenneth E. Ryan, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, as follows:

1. I am a partner in the Washington, D.C. law firm of Wiley Rein LLP, which represents Petitioner Associated Electric & Gas Insurance Services Ltd. ("AEGIS") in connection with the binding arbitration initiated by Respondent Westchester Surplus Lines Insurance Co. ("Westchester") that culminated in the award for which AEGIS now seeks confirmation. A true and correct copy of Westchester's December 20, 2007 Notice of Arbitration initiating the arbitration is attached hereto as Exhibit 1. A true and correct copy of Westchester's October 1, 2008 Amended Notice of Arbitration is attached hereto as Exhibit 2.

2. Petitioner AEGIS, EQT Corporation, successor to Equitable Resources, Inc., and Respondent Westchester (collectively, the "Parties") participated in the arbitration pursuant to a

written agreement executed by the Parties on December 29, 2006 and January 3, 2007. A true and correct copy of the Contribution Agreement is attached hereto as Exhibit 3.

3. In the Contribution Agreement, the Parties agreed to use the dispute resolution provision in AEGIS Policy No. X0025A1A04, issued to EQT for the policy period August 11, 2004 to August 11, 2005 (the "AEGIS Equitable Policy) to resolve the Parties' dispute. A true and correct copy of the AEGIS Equitable Policy is attached hereto as Exhibit 4.

4. Pursuant to the Terms of Appointment dated April 7, 2009, the Parties agreed to the selection of an Arbitral Tribunal comprised of William R. Jentes, Esq., the Honorable Daniel E. Wathen and Professor William W. Park, pursuant to CPR Rules. A true and correct copy of the April 7, 2009 Terms of Appointment is attached hereto as Exhibit 5.

5. The Parties participated in a three-day arbitration hearing in Boston, Massachusetts on June 28 to June 30, 2010, during which the Parties presented fact and expert witness testimony, exhibits, argument of counsel. Following the hearing, the Parties provided the Arbitral Tribunal with additional written submissions.

6. After considering all evidence and arguments of the Parties, the Arbitral Tribunal issued an award in AEGIS's favor on August 25, 2010 in the amount of $3,259,956.53, plus $972,360.74 in prejudgment interest and $900.08 in post-judgment interest, accruing on a daily basis from June 30, 2010 until satisfaction of the award. A true and correct copy of the August 25, 2010 Final Award is attached hereto as Exhibit 6.

7. Two days after the Arbitral Tribunal's issuance of the Final Award, Counsel for AEGIS provided Counsel for Westchester with AEGIS's wire transfer information to facilitate payment of the award. A true and correct copy of an electronic correspondence that I prepared and

directed to James Eastham, counsel for Westchester, on August 27, 2010, providing AEGIS's wire transfer information, is attached hereto as Exhibit 7.[1]

8.   In the weeks that followed, pursuant to D. Mass. Local Rule 7.1(a)(2), Counsel for AEGIS contacted Counsel for Westchester by telephone and email on several occasions in a good faith effort to resolve the issue of payment and to avoid unnecessary resort to judicial enforcement. A true and correct copy of an electronic correspondence that I prepared and directed to Westchester's counsel, James Eastham, on October 5, 2010, following up on the telephone calls and emails previously exchanged between myself and Mr. Eastham on September 27, September 30 and October 4, 2010 is attached hereto as Exhibit 8.

9.   Westchester did not object to the arbitration award during the thirty-day period provided by CPR Arbitration Appeal Procedure Rule 2.1.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following is true, correct and complete to the best of my personal knowledge, information and belief.

DATED:   October 7, 2010

_____
Kenneth E. Ryan

---

[1] AEGIS's account numbers have been redacted pursuant to D. Mass. Local Rule 5(3)(a)(4).